UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY INNES WENDORF,

        Petitioner,                                    Case Number 19-11373

v.                                                             Honorable David M. Lawson

MATTHEW MACAULEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING REQUEST TO HOLD
PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE
AND DISMISSING PETITION WITHOUT PREJUDICE**

On April 29, 2019, the petitioner, Jeffrey Innes Wendorf, presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In that same filing, he included a request to stay the case and hold the petition in abeyance. After reviewing the petition, however, it appears that Wendorf has not exhausted his state court remedies as to any of his claims, which a prisoner must do before applying to the federal courts for habeas corpus relief. Therefore, the Court will deny the petitioner's request to hold his petition in abeyance and dismiss the petition without prejudice.

I.

On November 6, 2016, the petitioner pleaded guilty in the Tuscola County, Michigan circuit court to unlawful imprisonment, Mich. Comp. Laws § 750.349b, and assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. On April 24, 2017, the state court imposed a sentence of 16 to 30 years in prison. The Michigan Court of Appeals affirmed the petitioner's conviction, *People v. Wendorf*, No. 342016 (Mich. Ct. App. Mar. 6, 2018). The petitioner had until May 1, 2018 to file a timely application for leave to appeal to the Michigan Supreme Court; however, he did not file his application until September 28, 2018. On October 3,

2018, the Michigan Supreme Court denied the application as untimely. The petitioner's judgment of conviction therefore became final on May 1, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (explaining that where petitioners only appeal their convictions to the intermediate appellate court and fail to properly or timely file an application for leave to appeal to the state's highest court, the 90-day period for seeking certiorari from the Supreme Court is not incorporated in determining when the petitioner's judgment became final).

On April 29, 2019, the petitioner filed the present habeas corpus petition, raising the following claims: (1) his plea was involuntary and coerced because he was never informed of the elements of the crimes; (2) the petitioner was illegally arrested; (3) the petitioner was interrogated without being advised of his *Miranda* rights; and (4) his appellate counsel was ineffective for failing to raise these claims on appeal. Pet. at 3.

The petitioner does not allege that he has exhausted any of his claims. He is critical of his appellate counsel, asserting that only a claim of perjured testimony by the petitioner's victim was presented to the state courts. Pet. at 3. But the petitioner did not attach to his petition any filings from his state court proceedings that would clarify what claims were raised on appeal. Nor is the Court in possession of the Michigan Court of Appeals's decision affirming the petitioner's conviction. Based on the record before the Court, it does not appear that the petitioner presented to the state courts any of the claims in his habeas petition. The petitioner notes that he has not filed a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. Pet. at 6. He nevertheless filed his petition under section 2254 as the limitations period was set to expire, noting that "it seems better to be safe than sorry." *Ibid.*

II.

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). The petition contains only unexhausted claims; it therefore will be dismissed.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich.

2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Here the petitioner has failed to satisfy his burden of showing exhaustion of state court remedies as his petition raises claims that apparently have not been presented to the state courts. A prisoner is required to comply with this exhaustion requirement as long as there is a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3).

Nor has the petitioner presented the Court with a "mixed" petition of exhausted and unexhausted claims that in "limited circumstances" would justify dismissing the unexhausted claims, retaining jurisdiction over the exhausted claims, and staying proceedings pending exhaustion. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (explaining that a stay is available "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay."); *see also Griffin v. Rogers*,

308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). In this case, because the petition contains no exhausted claims over which the Court may retain jurisdiction, the Court will deny the request to hold the petition in abeyance and dismiss the petition so that the petitioner may pursue relief in the state court.

III.

The claims raised in the habeas petition are unexhausted. Therefore, the petitioner's claims do not present grounds upon which this Court may grant habeas relief at this time. The request to hold the petition in abeyance will be denied, and the petition will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the petitioner's motion to hold the petition in abeyance (ECF No. 1) is **DENIED**.

It is further **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: August 13, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---